1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

DUANE PORTER,                        )   Case No. CV 13-4195-DOC (DTB)
                    Petitioner,      )
                                     )   ORDER TO SHOW CAUSE
        vs.                          )
                                     )
E. VALENZUELA,                       )
                    Respondent.      )
_____    )

17
18
19
20
21

     On June 11, 2013, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Pet.") herein.  The Petition purports to be directed to a 2006 conviction sustained by petitioner in Los Angeles County Superior Court.  (See Pet. at ¶¶ 1-2.)  Petitioner purports to be raising one ground for relief.  (See Pet. at ¶ 7(a).)

22
23
24
25
26

     Based on its review of the Petition as well as information derived from the California Appellate Courts website[1], it appears to the Court that the Petition is time barred.  Accordingly, on or before **July 19, 2013,** petitioner is ORDERED to show

/ / /

/ / /

27
28

[1]      http://appellatecases.courtinfo.ca.gov/index.html

1  cause in writing (if any he has) why the Court should not recommend that this action
2  be dismissed with prejudice on the ground of untimeliness.[2]

3

4                              **THE TIME BAR ISSUE**

5         Since this action was filed after the President signed into law the Antiterrorism
6  and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is
7  subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. §
8  2244(d).  See Calderon v. United States District Court for the Central District of
9  California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997).[3]  28 U.S.C. § 2244(d)
10 provides:

11         "(1)   A 1-year period of limitation shall apply to an application
12     for a writ of habeas corpus by a person in custody pursuant to the
13     judgment of a State court.  The limitation period shall run from the latest
14     of--

15             (A)   the date on which the judgment became final by
16         conclusion of direct review or the expiration of the time for
17         seeking such review;

18             (B)   the date on which the impediment to filing an
19         application created by State action in violation of the Constitution

---

21    [2]   The Ninth Circuit has held that the district court has the authority to raise
22 the statute of limitations issue *sua sponte* when untimeliness is obvious on the face
23 of the petition and to summarily dismiss a petition on that ground pursuant to Rule
24 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so
   long as the court "provides the petitioner with adequate notice and an opportunity to
25 respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook,
   260 F.3d 1039, 1042-43 (9th Cir. 2001).
26

27    [3]   Beeler was overruled on other grounds in Calderon v. United States
28 District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

1    or laws of the United States is removed, if the applicant was
2    prevented from filing by such State action;

3          (C)   the date on which the constitutional right asserted
4    was initially recognized by the Supreme Court, if the right has
5    been newly recognized by the Supreme Court and made
6    retroactively applicable to cases on collateral review; or

7          (D)   the date on which the factual predicate of the claim
8    or claims presented could have been discovered through the
9    exercise of due diligence."

10

11         From a review of the Petition, as well as the California Appellate Courts
12    website, it appears that petitioner appealed the underlying judgment of conviction to
13    the California Court of Appeal, which subsequently affirmed the judgment on May
14    7, 2009.  Petitioner failed to petition the California Supreme Court for review of the
15    Court of Appeal decision on direct appeal.  (See Pet. at ¶ 4.)  Under the relevant
16    California Rules of Court, his time for doing so lapsed 40 days after the May 7, 2009
17    filing of the Court of Appeal decision.  See Cal. R. Ct. 8.264(b)(1) [formerly
18    24(b)(1)] and 8.500(e)(1) [formerly 28(e)(1)].  Thus, for purposes of 28 U.S.C. §
19    2244(d)(1)(A), petitioner's judgment of conviction "became final by conclusion of
20    direct review or the expiration of the time for seeking such review" on June 16, 2009.
21         From the face of the Petition, it does not appear that petitioner has any basis for
22    contending that he is entitled to a later trigger date under § 2244(d)(1)(B).  The Court
23    notes in this regard that petitioner did not have a constitutional right to counsel for
24    purposes of filing a Petition for Review in the California Supreme Court or a state
25    habeas petition.  See Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S. Ct. 1990, 95
26    L. Ed. 2d 539 (1987) (holding that the right to counsel extends "to the first appeal of
27    right, and no further").  Nor does it appear that petitioner has any basis for contending
28    that he is entitled to a later trigger date under § 2244(d)(1)(C) because none of the

claims alleged in the Petition appears to be based on a federal constitutional right that was initially recognized by the United States Supreme Court subsequent to the date his conviction became final and that has been made retroactively applicable to cases on collateral review.  Finally, it does not appear that petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(D) since it appears that petitioner was aware of the **factual** predicate of each of his claims as of the date he was convicted and sentenced.  See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations begins to run when a prisoner "knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance").

Thus, unless a basis for tolling the statute existed, petitioner's last day to file his federal habeas petition was June 16, 2010.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  No basis for statutory tolling under § 2244(d)(2) appears to exist here.  The only collateral challenges reflected in the Petition are habeas petitions that petitioner filed in the California Supreme Court after expiration of the statute of limitations.  Petitioner would not be entitled to any statutory tolling for the state habeas petition filed in the California Supreme Court since according to the California Appellate Court website, it was not filed until February 20, 2013, which was two and a half years after petitioner's federal filing deadline already had lapsed. See, e.g., Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d 894, 898-99 (9th Cir. 2001).

The Supreme Court has held that the AEDPA's one-year limitation period also is subject to equitable tolling in appropriate cases.  See Holland v. Florida, - U.S. -, 130 S. Ct. 2548, 2560, 177 L. Ed. 2d 130 (2010).  However, a habeas petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights

4

diligently; and (2) that "some extraordinary circumstance stood in his way." <u>See</u> <u>Pace</u> <u>v. DiGuglielmo</u>, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); <u>see</u> <u>also</u> <u>Holland</u>, 130 S. Ct. at 2562.  Here, petitioner has not purported to make any such showing in the Petition.

IT THEREFORE IS ORDERED that, on or before **July 19, 2013,** petitioner show cause in writing, if any he has, why the Court should not recommend that this action be dismissed with prejudice on the ground of untimeliness.

DATED: June 20, 2013

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

5